CASE 58—PETITION ORDINARY—MAY 27.

# Godfrey v. Beattyville Coal Company.

### APPEAL FROM LEE CIRCUIT COURT.

1. MINING—VENTILATION—PRIMA FACIE CASE—BURDEN OF PROOF.—
Under the provisions of section 2731, of the Kentucky Statutes,
each owner or lessee of a coal mine is required, under penalty,
to provide and maintain, by the appliances and means therein
described, a prescribed amount of ventilation throughout the
mine; and in an action to recover for personal injuries alleged
to have resulted from the explosion of inflammable gases and
fire damp which had been negligently suffered to accumulate
in the mine and impregnate the coal dust therein, all that was
necessary for the plaintiff to make out his *prima facie* case was
to show that the injury was caused by an explosion, and that
the defendant did not comply with the statute; and then the
burden would have shifted to the defendant to show that the
injury was caused by the negligence or imprudence of the
plaintiff; but the error in this case of placing the burden
throughout upon the plaintiff was not prejudicial to him be-
cause the evidence clearly shows that the injury was caused
by the negligent and reckless manner in which he and his
co-laborers blasted the coal.

WHITE & ROBERTS FOR APPELLANT.

1. The court erred in refusing to give in the instructions the rule
laid down by the statute as to what is a proper ventilation of
mines, and erroneously left to the jury that question. Shear-
man & Redfield on Negligence, sec. 13, p. 16; sec. 54, and author-
ities cited; Toledo, &c. R. R. Co. v. Deacon, 63 Ill., 91; Law-
son's Rights and Remedies, vol. 3, sec. 1213.
2. After it was shown by the plaintiff that the necessary means
to procure ventilation had not been taken by defendant to
prevent danger, the burden was then on the defendant to show
that notwithstanding his neglect no such dangerous gases ex-
isted where the explosion occurred. Brown's Adm'r. v. Brown,
14 Ky. Law Rept., 893; Ragsdale v. Ezell, &c., 15 Ky. Law
Rept., 495.
3. The negligence of the defendant in placing its employe in a dan-

gerous situation is not excused because the danger might bo found out or seen, if it was unknown to the employe; or as here, scientific investigation was required to discover it. Boswell's Law of Personal Injuries, sec. 206, *et seq.*; Whitelaw v. Pollock, Hay 112; 12 D. B. M., 434; Lawson's Rights and Remedies, vol. 3, sec. 1201, and authorities cited.

ED. M. WALLACE FOR APPELLEE.

1. As the testimony demonstrated beyond all doubt that the accident complained of was caused by the defendant and his co-laborers, any error that may have been committed was not prejudicial to his rights.

2. Six instructions were given by the court "to which the plaintiff excepted;" this is too general an exception and does not indicate with certainty the instruction or instructions objected to.

3. Where a laborer knows all about the material furnished or by the exercise of reasonable diligence could have known, and being aware of all the defects and unsafe conditions, voluntarily uses the material furnished, and thereby sustains an injury, he is without remedy. Sullivan's Adm'r. v. Louisville Bridge Co., 9 Bush, 80.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant, Joseph Godfrey, a laborer in the mine of appellee, Beattyville Coal Co., brought this action to recover damages for a personal injury, consisting of a severe burn and shock to his physical system, alleged to have resulted from explosion of inflammable gases and fire damp that had been negligently suffered to accumulate and impregnate the coal dust in the mine. There was on the trial involved the single inquiry whether the injury resulted from an explosion of the gas in the natural and ordinary process of blasting the coal bed with gunpowder, at which appellant was engaged, or from an unnecessary and unusual overcharge of powder. If the injury resulted from the first mentioned

cause, then appellee is liable, because the duty was incumbent on it to keep the mine so far free from noxious and inflammable gases as to render prudent blasting of coal reasonably safe, which proper use of improved appliances would have enabled it to do; but if from the second cause, there is no liability because the reasonable and well established doctrine of contributory negligence applies. For, although there may have been enough gas in the mine when inflamed to cause the injury complained of, still, as complete and continuous exclusion of it from such place is generally impracticable, appellee was bound to keep it only so far excluded as to render proper and prudent blasting .in the mine with gunpowder reasonably safe. The lower court properly and fully instructed the jury in respect to the duty of appellee to provide and maintain circulation of pure air throughout the mine, so as to dilute and expel pernicious, poisonous, and inflammable gases, and, in case it negligently allowed fire damp or other inflammable gases to accumulate, the explosion of which injured appellant, to find for him. On the other hand, the jury was properly instructed to find for appellee in case they believed the injury was caused by appellant or his co-laborers imprudently and carelessly overloading, or improperly loading, a charge of powder, and not by an accumulation of fire damp or other explosive gases in the mine. We think, however, it was erroneous to instruct the jury that the burden of proof was on appellant to show by a preponderance of evidence that the injury was caused by fire damp or other explosive gases, which appellee had negligently permitted to collect in said mine. Section 2731, Kentucky Statutes, requires each owner or lessee of a coal mine, under

a penalty, to provide and maintain, by appliances and means therein described, a prescribed amount of ventilation throughout his mine; and all necessary for appellant to make out his case *prima facie* was to show the injury was caused by an explosion, and that appellee had not complied with the statute, and thus would have been shifted the burden upon appellee to show the injury was caused not by explosion of accumulated gases of a noxious and inflammable character, but, instead, by the imprudent and negligent manner in which the blasting was done by appellant. But the substantial rights of appellant were not prejudiced by that instruction, nor by any other supposed error of the lower court; for the evidence clearly shows that the injury was caused by the negligent and reckless manner in which appellant and his co-laborers blasted the coal. For the evidence shows of the four or five holes bored in the coal bed and fired at the same time, one of them, though only four feet deep, was filled with powder to the depth of three feet, while the others were charged in as reckless a manner. In our opinion there is no room to reasonably doubt the explosion and consequent injury to appellant was caused wholly by his own negligence, and, consequently, he has no cause of action against appellee.

Judgment affirmed.