# Hendrix v. National Union Fire Insurance Company of Pennsylvania, et al.

(Decided October 28, 1924.)

## Appeal from Fleming Circuit Court.

Insurance—Transfer of Property to Mortgagee Rendered Fire Policy Void—Retention of Premium Held Not to Estop Insurer.— Where holder of purchase money lien had fire policy issued in name of purchaser, containing loss payable clause in his favor as lienholder, and later purchaser transferred property to him, there was violation of provision against change in title or interest of insured, and he could not recover for loss then occurring; and insurer's retention of premiums did not estop it.

C. W. GOODPASTER and JOHN P. McCARTNEY for appellant.

F. M. DRAKE, B. S. GRANNIS and BRUCE, BULLITT & GORDON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The trial court sustained a general demurrer to the petition of appellant, Hendrix, to recover on a policy of fire insurance, and when he declined to further plead, dismissed his cause, and it is from that judgment that he appeals.    Appellant, Hendrix, had a purchase money lien on an improved farm in Bath county, in 1921, when the policy which is the subject of this suit was issued by appellee company to William Ishmeal covering the residence and protecting him against fire.    The policy contained a ''loss payable clause'' to appellant Hendrix, as a lienholder.    Some months after the issual of the fire insurance policy to Ishmeal, he sold and conveyed the farm, including the house covered by the insurance, to appellant Hendrix, thus divesting himself of all title in and to the property insured.    Shortly after the conveyance and while appellant Hendrix was the owner of the property covered by the insurance, a fire occurred destroying the residence covered by the policy.    Ishmeal declined to make claim under the policy for the loss, or to make proof thereof, whereupon appellant Hendrix prepared and forwarded proof of loss to the company. With the facts all before it the company declined to pay the policy, whereupon this action was instituted in the lower court to recover on the contract with the result above recited.

Among other things the policy provides: ''This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, . . . if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise.''

It is the contention of appellee insurance company that the policy was void for the sale of the property of Ishmeal, the insurer, to Hendrix, the mortgagee.    It further insists that the policy contract was a personal one and that the policy in this case was a contract with Ishmael, the owner, and not with Hendrix, the mortgagee. Ishmeal was the insured.    On the other hand, appellant Hendrix insists that he had an insurable interest in the property at the time the policy was written, and that the

insurance company, through its agents and representatives, knew of his lien on the property, and that it issued the policy with this knowledge. He further urges his recovery on the policy on the ground that he took out the policy himself in the name of Ishmeal but for his own protection, paying the premiums from his own funds and that these facts were known to appellee company at the time they issued the policy. In addition to the foregoing appellant says that after the fire appellee company retained the entire premium paid by him after a knowledge of all the facts surrounding the issual of the policy, and for these reasons it is now estopped to deny its liability upon the policy.

Both appellant and appellee cite and rely upon the case of McKinney v. Western Assurance Co., reported in 97 Ky. 474, holding that where a policy of fire insurance provided it should be void if any change should take place "in the interest, title of possession" of the property "whether by legal process or judgment or by voluntary act of the insured or otherwise," a sale of the property under a judgment enforcing a mortgage lien, and a conveyance to the mortgagee, who became the purchaser, constituted such a change in title as rendered the policy void, although the mortgage was made with the consent of the company, and an indorsement was made by the company upon the policy that the loss, if any, was payable to the mortgagee, "as his interest may appear." The facts in the McKinney case are very similar to those before us. McKinney held a mortgage against the lands of Parrish on which the insured property stood. The policy was in the name of Parrish. He was the insured, but the policy contained a clause reading: "Loss, if any, payable to J. F. McKinney, as his interest may appear." McKinney enforced his mortgage against the land, caused it to be sold and bought it in, taking title to himself. After title vested in McKinney a fire occurred destroying the insured property. In the case before us Ishmael owned the land and appellant Hendrix held a purchase money lien against it. The policy was issued in the name of Ishmeal with a clause reading: "Loss, if any, payable to M. T. Hendrix as his interests may appear." Thereafter Ishmeal sold and conveyed the land to appellant Hendrix, thus divesting himself of title, as was Parrish by judgment of the court in the McKinney case. In both cases the insured was wholly divested of title in the

property.    The clause in the polciy, "This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void, . . . if any change (other than by death of the insured) subject of insurance (except change of occupants without increase of hazard), whether by legal process or by judgment or by voluntary act of the insured, or otherwise," was in each policy. Both policies also contained a provision that the policy should be void "if with the consent of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed, etc."

In the McKinney case we said:

"Such stipulations and provisions as these, being matters not of mere form, but of substance, and entering so clearly into the contract between the parties, the courts uniformly uphold them.    And the stipulation before quoted in this policy, providing that if the assured, Parrish, should in any way or manner, voluntarily part with the title to this property, or if same should be taken from him by judicial process, or by judgment of a court, before loss by fire, that then the liability of the company should cease, is valid and binding on the parties to this contract.

"It is furthermore held by the courts quite generally, and we think correctly, that the property must remain the property of the insured; that whether there be a mortgage on it at the time the policy is issued, and a clause then inserted in the policy, that in case of loss the insurance is to be paid to the mortgagee, or whether a mortgage be placed upon the property after the insurance is effected (with the consent of the insurance company), and an indorsement is then made by the company on the policy (as in this case), 'That loss, if any, is payable to the mortgagee;' it is one and the same thing, the property remains the property of the original owner, and that there is no insurance by the mortgage of his interest in it.    Nor does the endorsement as made in this case transfer or assign the policy to the mortgagee, but the legal effect of the endorsement, 'loss, if any, payable to the mortgagee,' is only a contingent stipulation to so pay, or a contingent applica-

tion by the company, with consent of the insured that the money in case of loss shall be so paid.

"And this interest of the mortgagee is further limited by the words 'as his interest shall appear,' meaning, of course, his interest as mortgagee, not as owner. He must possess such an interest when the endorsement is made to make it a valid contract. And he must possess such an interest, when the loss occurs, to entitle him by the plainest principles of his contract, and of the law to recover.

"And this right of recovery is also limited and made to depend further on the continuance and validity of this mortgage as between the insurance company and the insured (the owner) at the time of the loss. And the courts hold that this mortgagee must take notice of and is bound by the stipulations contained in the policy between the company and the owner. And that any act done or any change in the title made by the owner, whether voluntary or by judgment of a court, whereby the title to the property passes to another, destroys this right of the mortgagee to recover under the stipulation to pay to him in case of loss."

We reaffirmed the ruling in the McKinney case in the more recent case of Robinson's Executors v. North British & Mercantile Insurance Co., reported in 21 R. 982, holding that a policyholder forfeits his rights under the contract by change of title contrary to the conditions of the contract. To the same effect is the case of Cottingham v. Fireman's Fund Insurance Co., 90 Ky. 439.

The text in 26 C. J., p. 239, says:

"Where a policy issued to a mortgagor contains a 'loss payable' clause in favor of the mortgagee, a foreclosure of the mortgage by the mortgagee violates a stipulation against change of title by legal process or decree."

The same text on page 288, says:

"If, therefore, insured had parted with his insurable interest, his policy necessarily died with the transfer, and the contract, being in its nature personal with insured, did not pass with the subject matter into the hands of the transferee without a

new agreement with insurer. . . . The word 'interest' means a proprietary or insurable interest, and the condition is not violated so long as insured continued to be the sole owner and possessor of the property. But a transfer of any interest, legal or equitable, will avoid a policy containing a condition against change of interest."

And again on page 231 of the same text, it is said:

"The object of conditions against change in title or interest is to provide against changes which might furnish a motive to destroy the property or diminish the interest and watchfulness of insured in protecting it against fire, and dealings with the property which are not calculated to produce such an effect will not avoid the policy."

See also 19 Cyc., page 742, and — R. C. L., page —.

From what has been said it is manifest that a provision in a policy to the effect that the same shall become void if there occurs any change in title or interest of the insured, is enforceable not only in courts of Kentucky but throughout the country generally.

Let us now examine the petition. Appellant averred that on October 25, 1921, he caused a policy of fire insurance to issue to William Ishmeal, defendant, on Ishmeal's property located in Bath county, "the plaintiff herein holding a lien debt on same as herein set out and in said policy was a lien payable clause for the benefit of plaintiff herein; said policy so issued was on the property of William Ishmeal, defendant herein, located in Bath county, Kentucky, with loss payable clause as stated; . . . that the said William Ishmeal at the time of the issual of said policy was the owner of said real estate on which said property was located in Bath county, Kentucky, and was indebted to the plaintiff, M. T. Hendrix, in the amount of about $10,000.00, secured by lien on the property of said Wm. Ishmeal; that said policy was issued at the instance of M. T. Hendrix, the holder of the lien debt on said property, and said M. T. Hendrix paid to said company therefor the sum of $42.50, the premium thereon, which amount was accepted and received by the company, all of which facts were known to the company at the time of the issual of said policy. . . . Plaintiff says that said property subsequent to the taking of said insurance on same was con-

veyed by deed to this plaintiff, M. T. Hendrix, by William Ishmeal, the defendant herein, and at the time of the fire the said M. T. Hendrix was the owner of the said property; that the company retained the entire premium on the insurance for the entire period of one year notwithstanding its knowledge of the fire and its own investigation immediately following same in March, 1922, and the further fact that the company was well aware of all circumstances surrounding the issual of the policy, including the fact that appellant had the debt secured by the lien against the insured property;" that Ishmeal refused to make claim under the policy and that the appellant prepared and forwarded proofs of loss. "Plaintiff says that William Ishmeal, the owner of the property at the time the policy was taken out, having refused to make proof of loss, is made party defendant hereto."

It is not strange that the general demurrer was sustained to the petition in view of the authorities above cited, for the pleading states every fact necessary to bring it within the rule laid down in the McKinney case and the texts above cited. The change of ownership of the property, that is, the change of interest or title from Ishmeal to Hendrix, is definitely averred, showing a complete violation of the provisions of the policy against alienation.

The facts averred concerning the retention of the premises after the fire do not amount to an estoppel. The company was entitled to retain the premiums. The trial court pursued the only course open to it in sustaining the demurrer to the petition, for which reason the judgment must be and is affirmed.

Judgment affirmed.