## Henry v. J. G. McCrory Co.

June 20, 1939.

Joseph J. Hancock, Judge.

Harold R. Marquette and John P. Haswell for appellant.
Joseph Lawton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The J. G. McCrory Company operates a store on the west side of Fourth street between Liberty and Walnut streets in Louisville, Kentucky. On January 19, 1937, appellant, Catherine Henry, fell on the stairway leading from the main floor to the basement in the rear of the store. On August 9, 1937, she brought this action to recover damages for injuries she alleged resulted from the fall. The injuries complained of were an abortive pregnancy and a nervous condition resulting therefrom. She alleged in her petition that while she was exercising due care for her own safety a piece of circular wire became looped and tangled around her foot and shoe and caused her to fall down the steps of the stairway; that defendant negligently permitted the wire to be and remain on the floor near the stairway, rendering the floor and stairway dangerous for patrons of the store; and that the presence of such wire and the dangerous condition of the floor and stairway were known to the defendant, its servants, agents and employees or by the exercise of ordinary care could have been known to them. The plaintiff's deposition was taken as if on cross-examination, and she stated that a wire became en-

tangled in her shoe near the head of the steps and caused her to fall. On January 17, 1938, a few days before the trial, the plaintiff filed an amended petition in which she alleged:

"That the floor of the defendants' stores near the head of said stairway was uneven with the marble part of the head of said stairway and was depressed below the level of the top of the marble which formed part of the stairway, and that the wood of the floor at said place was smooth and slick and that the marble of said stairway was smooth and slick and that the condition of said floor adjacent to the head of the stairway and the marble part of said stairway and of each step thereof was smooth and slick and that the said condition of the said floor and stairway was dangerous to walk upon."
Then followed this averment:

"That this condition of said floor and said stairway and the said wire thereon, caused this plaintiff as she was attempting to walk to and down said stairway, to be suddenly thrown down, upon and against said floor and steps with great force and violence."

On the trial of the case, the jury returned a verdict for the defendant, and the plaintiff has appealed. She complains of certain evidence admitted over her objections, and also of the instructions.

The appellant testified that the heel of her shoe caught in the offset or deflection where the top marble step joins the floor and she stumbled and fell. When confronted with her deposition, she admitted that she had stated the wire caused her to fall. In answer to further questions, she said the wire could have caused the fall, and, when pressed concerning former statements made by her under oath, she said:

"I said I could have slipped on the wire; it was hung on my foot. * * * I told you I could have slipped on that wire and I could have got my foot hung on the edge of that marble step which extends above the floor. * * * I don't know that it jerked on the wire. I know that my foot jerked and I know that it hung on that step. * * * The wire may have had something to do with it. I am confident the step is what caused me to fall."

She was then asked this question and made this answer:

"Q. Didn't the wire also cause you to fall or have something to do with it? A. I could not swear to it."

Her testimony shows that the cause of her fall was a matter of mere speculation in her own mind. She was carried to the restroom on the second floor immediately after her fall, and Miss Martha Burkhart, matron in charge of the restroom, introduced as a witness for the plaintiff, testified in part as follows concerning what occurred there:

"When they brought her, Mrs. Henry,—wait until I get it,—when they laid her down on the couch Miss Straus was standing beside me, and she noticed a wire wrapped around the buckle of Mrs. Henry's shoe; and I took the wire off the shoe; and when I took the wire off, Mrs. Henry said: 'Give me that wire. That is what caused me to fall.'

"Q. Is this the wire that you found on her shoe? A. That is right.

"Q. Show the jury how that wire was on her shoe? A. Well, I would not know just exactly how to say, it was wrapped around her buckle, forming a loop, like that, on her shoe. (Indicating.)"

It was shown that the short piece of fine wire found on appellant's shoe was not one of the kinds of wire handled and sold by the appellee, and there was no proof as to when, where, or how it became attached to appellant's shoe, or, if she picked it up in the store, how long it had been there. There was a total failure of proof of any negligence on the part of appellee in connection with the wire. Appellant attempted to show there was an offset at the point where the top step of the stairway joined the floor which rendered the floor dangerous. Several employees who had worked in the store many years testified that they had never noticed the offset or deflection, and one stated that after the institution of this action he had attempted to catch or hook the heel of his shoe on this offset and had not been able to do so. M. J. Murphy, an engineer, architect, and contractor, and at the time of the trial chief deputy building inspector of the city of Louisville, testified that it was customary and was a proper method of construc-

tion to leave a small offset such as the one in question. He said:

> "Sometimes they do that for what they call a wipe-joint—where they are going to mop the floor they will leave just a little fraction up so it won't run over the stair in mopping. It is done that way in lots of instances."

A number of employees and patrons of the store heard a sharp, piercing scream from the direction of the stairway. They saw appellant standing on the second or third step and saw her slump down as though she had fainted. Appellee introduced testimony, including that of two physicians, relating to appellant's mental and nervous condition at the time of and prior to the accident and evidence tending to show that she was subject to fainting spells. It is this evidence of which she complains. It was appellee's theory that appellant fainted and did not fall as the result of any negligence on its part, and the evidence of which complaint is made was competent as it tended to support its theory of the case. It was also competent in rebuttal of her claim that her nervous condition resulted from the miscarriage which in turn resulted from the fall.

Appellant also complains because the court refused to give instruction No. 1 offered by her, but instruction No. 1 given by the court properly submitted the questions included in the instruction offered by appellant. It reads:

> "It was the duty of the defendants to exercise ordinary care to keep the floors of the store, including the stairway referred to in the evidence, in a reasonably safe condition for the use of the public entering said store, including the plaintiff herein; and if the jury believe from the evidence that the floor or stairway referred to in the evidence had a deflection or offset, and as a result thereof plaintiff was caused to stumble or fall, and was thereby injured, if she was injured, then you will find for the plaintiff; but unless you so believe, you will find for the defendants."

Instruction No. 2 given by the court reads:

> "The Court instructs the jury that if you believe from the evidence that the wire referred to in the evidence as being on plaintiff's foot or instep, as re-

ferred to in the evidence, was the sole or contributing cause of the fall and injuries to plaintiff, if any, then you will find for the defendants; but unless you so believe, you will be governed by the other instructions herein given you.''

The appellant concedes that she is not entitled to recover if the wire was the sole cause of the accident, since there was no evidence that appellee had notice of its presence on the floor, but she argues that it was error to use the words ''or contributing'' in the instruction, and that the jury should have been told that if the wire was the sole cause of the fall or so far contributed to cause the fall and injuries to appellant that but for it the accident would not have happened, then they should find for the defendant. The instruction would be clearer if given in the form suggested by appellant, but, under the facts, instruction No. 2, when read in connection with No. 1, could not have misled the jury. In no event could it have been prejudicial, since a peremptory instruction for the defendant would not have been improper.

Judgment affirmed.