## Cookendorfer v. Pendleton County Farmers Fire Ins. Co.

Oct. 14, 1941.

Silas Jacobs for appellant.

A. H. Barker for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant is the holder of a policy issued by appellee insuring him against all direct loss or damage to his tobacco barn and three other buildings by fire, lightning, or wind, subject to certain limitations and conditions specifically set out therein. The one policy covers all four risks and the premium was paid in a lump sum.

One of the provisions in the policy recites "* * * also that the company will not be responsible for loss or damage by fire to dwellings or other buildings having terra cotta or clay flues in same, nor where stove pipe runs through a drum or ventilation. The pipe must be direct from the stove to chimney or brick flue."

On December 8, 1938, while the policy was in full force and effect, appellant's barn was entirely destroyed by fire. Demand was made of appellee for indemnity under the terms of the policy. Payment was refused, whereupon, appellant instituted this action. Appellee defended on the ground that after the policy was issued but previous to the fire, appellant installed in the stripping room of the barn a stove, the pipe from which ran through a ventilator not connected directly or otherwise with a chimney or brick flue; that such installation was in violation of the provision recited above, by reason of which he forfeited his right to the indemnity provided in the policy.

In avoidance of this defense appellant replied that

at the time of taking his application for insurance and prior to the issuance and delivery of the policy, appellee, through its servant, agent and employee, came upon, viewed, and inspected his barn, saw its condition and arrangement; and knew or by the exercise of ordinary diligence and observation, could have known the barn was not equipped with either a chimney or brick flue and that the pipe of his stove extended through the walls of the building by means of a metal ventilator; that having full and complete knowledge of the premises and the location of the stove and its connecting pipe, appellee accepted the application for insurance, issued and delivered the policy, and received and now holds the inspection fee and annual premiums from the date of the issuance of the policy up to and including the date of the burning of the barn; that by reason of these acts, appellee waived the conditions and restrictions relied on in defense of the claim, and by reason of all of which appellee was estopped to deny its liability on the policy of insurance. It is further alleged in the reply that at the time the barn was destroyed there was no fire in the stove complained of. The issues were joined and upon a trial of the case judgment was entered upon a verdict in favor of appellee, from which judgment this appeal has been prosecuted.

When the insured accepts a policy of insurance he accepts all of its stipulations, provided they are legal and not contrary to public policy. The provision that the company would not be liable where a stove pipe runs through a ventilator and not directly to a chimney or brick flue is perfectly valid and is a provision for the benefit of the general public. The insurer cannot be forced to insure a careless person and if the insured is so reckless and negligent as to construct a fire hazard in his building in direct violation of his agreement not to do so, the insurer will be relieved of liability under the policy, unless it waives the provision violated. Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S. W. 760. The issuance of a policy by an insurance company is a waiver of a known ground of invalidity and is equivalent to a recitation in the policy that it is valid at the time, although the facts known to the company, would, under express terms of the policy, render it void. Glen Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219; 32 C. J. Section 618, page 1343; 29 Am. Jur. Section 807, page 61. We must look to the evidence to determine whether,

at the time of the inspection by the company's agent, the condition of the barn was such as to put appellee on notice that appellant intended to violate the stove pipe clause as alleged in appellant's reply. On this point there were only two witnesses, appellant and appellee's agent, who inspected the premises before the policy was issued. Both testified that at the time of the inspection there was neither stove nor stove pipe in the barn. Appellant testified that there was a ventilator in the side of the barn and that the agent saw, or by the exercise of ordinary diligence and observation, could have seen it and have inferred that a stove would be placed in the building and connected through the ventilator without the construction of a brick chimney or flue as required by the policy. The agent testified that he did not see the ventilator and "I asked him what the room (the stripping room) was and he said it was a room that Mr. Shomaker (appellant's predecessor in title) built for an office and bottling place for milk."

Accepting the testimony of appellant as the true version of the disputed fact, viz; that appellee's agent saw the ventilator through the wall of the building, we are of the opinion that his observation in that respect would not put his company on notice that appellant intended to put a stove in the room and connect it through the ventilator, without building a chimney or flue in accordance with the provisions of the contract.

To establish a waiver it is essential that the company shall have knowledge or notice of the fact relied upon as a waiver. The notice to the company must be knowledge, as distinguished from mere inference, of the essential facts necessary to enable a person of ordinary prudence and judgment to determine that the provision limiting liability will not be complied with by the insured. 32 C. J. 572, 573, pages 1321, 1322. Knowledge chargeable to the insurer must be actual notice of the violation of the terms of the policy and not knowledge implied from a notice of fact putting the agent on inquiry. Mere notice of facts which, if diligently inquired into, would lead to knowledge on the part of the agent is not sufficient to charge an insurer with the knowledge of the facts which an inquiry by its agent would have revealed. 29 Am. Jur. Section 809, page 615.

Applying the above rules, it is manifest that appellant's evidence with all reasonable inferences to be

drawn therefrom falls far short of establishing facts necessary to constitute knowledge on the part of appellee that a stove would be installed in the barn in violation of the provisions of the contract. The policy was written in 1935; it is admitted that neither stove nor pipe was on the premises; and the inspection by appellee's agent was made shortly after appellant came in possession of the property. The only inference that can be drawn from the fact that there was a ventilator in the side of the barn was that the former owner had placed a stove in the barn and had used the ventilator in connection therewith. Certainly it was not reasonable to infer that the new owner expected to make use of the ventilator in the manner complained of. As a matter of fact, the evidence discloses that at least a year transpired between the date of the inspection and the date the stove was installed in the barn. We therefore conclude that the evidence upon which appellant relies, even though it had been uncontradicted, was not sufficient to charge appellee with knowledge or notice necessary to establish a waiver of the provision limiting its liability in this case.

Appellant's contention that appellee is estopped to rely upon the forfeiture because it did not tender or offer to return the premium on the policy, in our opinion, is equally without merit. He seeks to invoke the rule applicable to cases where the insurer seeks cancellation of the contract as expressed in Metropolitan Life Ins. Co. v. Moore, 117 Ky. 651, 79 S. W. 219, 25 K. L. R. 1613. But this is not a suit to cancel the policy and the rule prevailing in such cases is not applicable here. Whilst it has been universally held that an effort to collect the premium after discovery of the facts constituting forfeiture is inconsistent with a defense based upon the forfeiture and thus constitutes an estoppel, the great weight of authority is to the effect that no foundation for a waiver or estoppel is furnished by the failure of the insurer to return the unearned portion of the premium, where it did not acquire knowledge or notice of the breach of condition constituting the forfeiture until after the loss for which indemnity is claimed. 32 C. J. Section 651, page 1352. Such was the effect of the holding in the case of Hendrix v. National Fire Ins. Co. of Pennsylvania, 205 Ky. 283, 265 S. W. 795. See, also, Knights of Maccabees v. Shields, 157 Ky. 35, 162 S. W. 778, 49 L. R. A., N. S., 860.

The reason for the rule is that where a fire insurance policy is issued and the premium is paid and afterwards the insured violates the provisions of the policy which creates a forfeiture, the insurer, having no knowledge of the forfeiture until after the loss occurred, has done no affirmative act recognizing the validity of the policy and has done nothing to deceive or increase the burdens of the insured or to place the insured in a more hazardous position than he has placed himself. Capital Ins. Co. v. Shearwood, 87 Ark. 326, 112 S. W. 878; Home Fire Ins. Co. v. Wilson, 109 Ark. 324, 159 S. W. 1113.

"After the loss occurs as to the property destroyed, the policy is no longer current, but has become matured by reason of the fire, and no question of good faith is involved in retaining the premium, because the rights of the parties are then fixed." Pearlstine v. Westchester Fire Ins. Co., 70 S. C. 75, 83, 49 S. E. 4, 6.

This rule should be more steadfastly adhered to where the forfeiture, as in this case, is only as to a portion of the risk and the premium has been paid in a lump sum. 32 C. J. Section 631, page 1352; Miller v. Insurance Co. of North America, 106 Mo. App. 205, 80 S. W. 330.

That the violation of his contract was not the cause of the loss is immaterial. The company has the right to determine for itself the character of property that it would insure. The right of forfeiture, had it been discovered, existed before the loss occurred, therefore, its right of forfeiture did not depend on proof that the ground of forfeiture occasioned the loss.

Appellant further complains that the court erred in refusing to admit evidence that other buildings insured by appellee contained stoves constructed similarly to that described in the evidence in this case. Appellant failed in his attempt to prove appellee knew the conditions of these buildings. In the absence of a showing of knowledge on the part of appellee, the fact that other policy holders violated the provisions of the policy which has been violated by appellant will not establish a policy of conduct on the part of the company so as to indicate it has waived in all cases the provisions of the contract

·constituting a forfeiture. The trial judge did not err in refusing this testimony.

Complaint is further made of the instructions. Since, for the reasons indicated, the court should have sustained appellee's motion for a directed verdict in its favor, the alleged errors in instructions were not prejudicial to appellant's substantial rights. The jury having found for the defendant the judgment of the lower court is affirmed.