## Whitley Lodge No. 148 of Knights of Pythias v. West et al.

Dec. 19, 1941.

Stephens & Steely for appellant.

H. C. Gillis for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing appeal.

This action was filed by the appellees, Crit West and W. T. Halcomb, against Whitley Lodge No. 148 of the Knights of Pythias of Corbin and its trustees. The petition alleged the execution of a warranty deed by appellants conveying to appellees a lot in the city of Corbin, the eviction of appellees from a ten-foot roadway or easement across the lot, and sought to recover damages alleged to have been sustained as a result of the eviction.

By the first paragraph of their answer the appellants denied that any damages had been sustained by the eviction and controverted a number of allegations of the petition. The second paragraph of the answer pleaded in defense that at the time of the execution of the deed it was agreed between the parties thereto that the deed was to be accepted by the grantees subject to an easement for a ten-foot roadway across one end of the lot and that by mutual mistake of the parties a provision was omitted from the deed to the effect that the grantees accepted it subject to the roadway or easement. The prayer of the answer was that the deed be reformed so as to express this omitted agreement but the answer was not made a counterclaim.

The case was transferred to the equity docket and evidence bearing upon the question of the reformation of the deed was taken by deposition. An order was entered, showing that by agreement of the parties the case was submitted "upon so much of the answer of the defendants as seeks a reformation of the deed described in plaintiff's petition." This order then recites "it is adjudged by the court that so much of defendants' answer

a's seeks a reformation of said deed is denied" and by the same order the case was transferred to the ordinary docket "for trial of the issues with respect to damages for a breach of the covenant of warranty contained in the aforesaid deed" and the case was continued. Exception was taken and an appeal was granted to this court, which is the appeal now before us.

A motion was made to dismiss the appeal because the order appealed from was not a final order or judgment from which an appeal could properly be prosecuted. This motion was passed to the merits and now confronts us. It is apparent from the foregoing statement that the motion to dismiss the appeal must be sustained. The order from which the appeal is taken was nothing more than a determination by the court that one of the defenses relied on was without merit. The effect of that order was the same as if the court had sustained a demurrer to the second paragraph of the answer. The action was filed to recover damages for breach of warranty and the order appealed from does not determine whether the plaintiff was entitled to recover damage. On the contrary, the case was continued for trial and determination of this question. It is apparent that no final judgment has been rendered. Except in those cases where it is specifically provided otherwise this court has jurisdiction to consider appeals from final orders or judgments only. Kentucky Statutes, Section 950-1.

The motion to dismiss the appeal is sustained and the appeal is dismissed.