## West et al. v. Whitley Lodge No. 148 of Knights of Pythias of Corbin et al.

Feb. 18, 1944.

H. C. Gillis and Robert L. Smith for appellants.

E. L. Stephens and M. A. Gray for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is the third appeal in this case from the Whitley Circuit Court. As the issues and facts appear in the opinions on the two former appeals reported in Whitley Lodge No. 148 of Knights of Pythias v. West, 288 Ky. 698, 157 S. W. (2d) 320, and Id., 293 Ky. 341, 168 S. W. (2d) 1009, we will not encumber this opinion with them except insofar as they apply to the questions raised on this appeal.

After the second reversal in 293 Ky. 341, 168 S. W. (2d) 1009, the only issue left for trial was whether or not Hacker waived his right to rely upon the covenant of general warranty contained in the deed. The court instructed the jury on the measure of damages and told them to find for plaintiffs unless they believe from the evidence that the grantee Hacker knew of the easement at the time he accepted the deed from Watson and

agreed to accept the lot with the easement thereon, in which event plaintiffs waived their right to rely upon the general warranty contained in the deed and the verdict should be for defendant.

Under this instruction the jury found for defendant and plaintiffs seek to reverse the judgment entered on the verdict because: 1. The court erred in his oral instruction to the jury after the case was submitted and the jury came into open court and asked the judge for "a little more light on the easement proposition," in that the judge singled out and stressed certain evidence favorable to defendant; 2. the court permitted Hacker to be contradicted without the proper foundation being laid as required by section 598 of the Civil Code of Practice; 3. the court gave undue prominence in the instructions to the defense of "waiver" by incorporating it in both the first and second instructions and then defining the term.

All the substantive evidence on the subject of waiver was given by Hacker and Gillispie, the escrow agent, as Watson was dead. Hacker testified for plaintiffs and Gillispie for defendant. Each testified fairly and frankly and there is but little, if any, difference between them as to what transpired between Hacker and Watson when it was discovered an easement existed across the back end of the lot, as is seen from these excerpts taken from their testimony. Hacker was asked:

"Q. What did Mr. Watson say to you then and there about the title to the property and about you taking it? A. Mr. Watson said that that dispute came up and that he did not know anything about the alley, he says, 'You can take it as it is or call the deal off.'

\* \* \* \* \* \*

"Q. With reference to the time he said that to you, when did you get the deed? A. I got it right then —that day."

Gillispie was asked:

"Q. On that day, about August 3rd, when Hacker and Watson were in the bank and had the talk in your presence concerning that passageway, what was said, if anything, by Mr. Watson about the delivery of the deed to Hacker and whether Hacker would take the property? A. The day they were discussing it, I don't know whether that was on August 3rd or before

that, but I believe it was the day before, must have been August 2nd; anyway Mr. Watson told Mr. Hacker in my presence to take it like it was or call the trade off.

\* \* \* \* \* \*

"Q. What did you do with the deed after that? A. Put it back in my desk drawer.

"Q. What did you do with it later, anything? A. Yes sir. I think the next day Mr. Hacker came in and said he had decided to take the deed and that I could deliver the checks.

"Q. Did you give him the deed? A. I did.

"Q. Did you deliver the checks to whomever they were going? A. Yes, I did."

From the above quotations there can be no doubt that Hacker waived his right to rely upon the warranty contained in the deed and the court would not have erred had he sustained defendant's motion for a directed verdict. Such being the case, it is not necessary to consider the errors relied upon by plaintiffs for reversal, as in no event could plaintiffs have been prejudiced if such errors were committed, since defendant was entitled to a peremptory instruction. Godfrey v. Beattyville Coal Co., 101 Ky. 339, 41 S. W. 10, 19 Ky. Law Rep. 501; Henry v. J. G. McCrory Co., 279 Ky. 248, 130 S. W. (2d) 846; Cookendorfer v. Pendleton, etc., Ins. Co., 287 Ky. 735, 155 S. W. (2d) 204.

The judgment is affirmed.