Leslie **PAYTON** et al., Appellants,

v.

Martha Noel **PAYTON**, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

D. E. Wooldridge, La Grange, for appellants.

J. Ballard Clark, Thomas F. Manby, La Grange, for appellee.

STEWART, Judge.

On April 28, 1951, Luther Payton, an Oldham County farmer, was killed in an automobile accident. On May 3, 1951, an instrument dated December 13, 1934, was probated in the Oldham County court as his last will, and, pursuant to its terms, he left his property to his wife, Martha Noel Payton, appellee in this action, for life, with remainder to his heirs at law, appellants herein.

On July 6, 1951, appellee allegedly discovered a paper which purported to be a subsequent will of Luther Payton, dated January 18, 1946, by the provisions of which the deceased devised and bequeathed his whole estate in fee to appellee. This paper was offered for probate by appellee in an action filed in the Oldham County court on July 12, 1951. A judgment refusing probation of this document as a will was rendered March 23, 1953.

During the pendency of the action seeking probate of the alleged second will, some time in the spring of 1952, according to appellee, another writing dated March 27, 1951, was found, which was supposedly a third will of the decedent, and this instrument provided that all his property should

descend to and vest absolutely in appellee. This so-called third will is the subject matter of this appeal. Appellee did not disclose the existence of the last-mentioned instrument during the proceeding wherein she sought probate of the second paper as a will, but filed suit to establish the alleged third will as a testamentary document on May 1, 1953, a few weeks after the court declined to probate the writing she had offered as a second will.

On motion of appellants, the county court dismissed the petition which undertook probation of the alleged third will on December 6, 1954, and an appeal to the Oldham Circuit Court was seasonably taken by appellee from this order. After the circuit court had overruled appellants' demurrer to appellee's petition appellant then filed answer. The first paragraph of this pleading was a denial of the affirmative allegations of the petition, with the result that the integrity of the writing as a testamentary instrument was placed in issue. The second paragraph of the answer and an amended answer, filed shortly thereafter, when taken together, pleaded as a bar to the maintenance of this action, which should estop appellee from asserting any rights under the will in litigation, that she knew of the existence of, and also had in her possession, the so-called third will at the time she was attempting to cause the writing offered as a second will to be probated, and, therefore, she was chargeable with lack of due diligence in producing it into court.

Appellee demurred to, and also moved to strike, the second paragraph of appellants' answer and their amended answer. Both the demurrer and the motion were sustained. Appellants then moved to dismiss the action and this was overruled. An order embracing these rulings of the lower court concluded with this language: "All other questions relating to the above-styled action are reserved." Exceptions were taken to the rulings and this appeal is from that order.

This action was instituted before the new Civil Rules of Procedure were adopted and, after these Rules became effective, on motion of the parties hereto, was ordered to continue to a conclusion under the Civil Code of Practice.

Appellee maintains the order of the lower court appealed from is interlocutory and not a final judgment, and, as a consequence, this Court has no jurisdiction of this appeal. With this contention we agree.

2 Am.Jur., Appeal and Error, Section 23, pp. 863–64, defines an interlocutory judgment as "one which does not dispose of the cause, but reserves further questions or directions for future determination. It is ordinarily one made pending the cause and before a final hearing on the merits. In the case of an interlocutory decree, some further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties."

■ It is, of course, clearly settled that this Court has no jurisdiction to review orders and judgments of inferior courts, unless they are final. See Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52; Jacoby v. Carrollton Federal Savings & Loan Association, Ky., 246 S.W.2d 1000.

■ Section 368 of the Civil Code of Practice defines a final judgment as "a final determination of a right of a party in an action or proceeding." It leaves nothing to be done except to enforce by execution what has been determined. 2 Am.Jur., Appeal and Error, Section 22, p. 862. This definition of a final order appears in Adkins v. Carol Mining Co., 281 Ky. 328, 136 S.W.2d 32, 35: " 'A final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner as to put it out of the power of the court making the order, after the expiration

of the term, to place the parties in their original condition.' "

Seizing upon the definition last mentioned, appellants argue that when the lower court struck the second paragraph of their answer, and in addition dismissed their amended answer, both of which pleaded as a bar to appellee's action lack of due diligence in the production of the supposed will on the part of the latter, such a dismissal stripped them of their primary defense and adjudicated "some matter litigated by the parties", so that the order of dismissal is final and appealable according to the quoted language taken from the Adkins case.

It is our view that when the quoted statement relied upon is considered in its relation to the definition as a whole appellants' contention is without merit. We believe the case of Whitley Lodge, etc. v. West, 288 Ky. 698, 157 S.W.2d 320, is analogous to the case at bar and governs this appeal. There an action was brought for damages against appellees for breach of warranty contained in a deed because appellants were evicted from a 10-foot easement across a lot conveyed to them by appellees. By the first paragraph of their answer appellants denied any damages had been sustained and by their second paragraph they sought to have the deed reformed so as to express an alleged omitted agreement that the deed was to be accepted by plaintiffs subject to the easement across the lot. An order was entered striking so much of the answer as sought reformation of the deed and the issue with respect to a claim for damages for breach of warranty was continued for determination by a jury later on. An appeal was taken from the order refusing to allow reformation. This Court held that the order from which the appeal was taken was nothing more than a decree that one of the defenses relied upon was without merit, and that another defense remained to be passed upon before the action could be said to be adjudicated with finality. Such being the case, the order was not a final one from which an appeal could be properly prosecuted, the opinion said.

 Here the action was filed for the probate of a writing purporting to be a testamentary document. The order appealed from does not allow or deny probate. That question was specifically reserved. As we see it, one defense has been knocked out, but the other defense which attacks the validity of the alleged will has not been ruled on and this issue is still undecided. Nothing in the order appealed from can be enforced by execution. It follows this Court has no jurisdiction of this appeal.

Wherefore, the motion to dismiss the appeal is sustained.