FIRST NATIONAL BANK OF MAYFIELD, etc., et al., Appellants,

v.

Bunk GARDNER, Sr., Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1959.

James W. Stites, Louisville, Milton C. Anderson, Wickliffe, Thomas Waller, Paducah, S. Russell Smith, Louisville, Malcolm R. Boaz, Robbins & Cross, Mayfield, for appellants.

Chas. I. Dawson and Edwin F. Schaeffer, Jr., Louisville, L. M. Tipton Reed, Mayfield, David Reed, Paducah, for appellee.

CULLEN, Commissioner.

This matter is before us on a motion to dismiss the appeals.

The will of Ed Gardner, deceased, leaving practically all of his estate to the Annie Gardner Foundation, was admitted to probate in the Graves County Court. Thereafter Bunk Gardner, Sr., brother and legal heir of the decedent, brought a proceeding in the Graves Circuit Court to contest the will. The executor and the principal beneficiary pleaded in defense a release theretofore executed by the contestant, in which he had agreed to accept the terms of the will as probated. The contestant filed a reply asserting that the release was invalid because it was procured through fraud and concealment and was without consideration. All parties moved for summary judgment on the question of whether the release was a bar to the action. After a hearing, the judge rendered a memorandum opinion holding that the release was invalid and did not bar the contestant from maintaining the action to contest the will. There followed a long discussion between counsel and the judge, upon the question of whether the order to be entered would recite that the decision respecting the release was final and that there was no just reason for delay. See CR 54.02. Various motions concerning the form of the order also were filed. Although the judge made oral statements, in his discussion with counsel, to the effect that he considered his ruling to be final, he refused to insert such a recitation in the order, and he declined to sign a proposed order tendered by the executor which would have overruled the executor's motion to make such a recitation. The order ultimately entered simply adjudged the release

to be invalid and not binding upon the contestant, with no recitation as to finality or lack of reason for delay.

The executor and the principal beneficiary filed notices of appeal in which they purported to appeal not only from the order above mentioned, but from the judge's memorandum opinion; the transcript of proceedings on the giving of the memorandum opinion, which transcript was made a part of the record by court order; and the transcript of hearing on the various motions made with respect to the form of the order to be entered upon the memorandum opinion, which transcript also was made a part of the record by court order and which showed among other things the court's refusal to rule on the executor's motion to insert the recitations as to finality and no reason for delay.

The appellee, Bunk Gardner, Sr., has moved to dismiss the appeals, on the ground that the order appealed from is not a final order. We think the motion is well taken.

The order holding the release to be invalid did nothing more than dispose of a defense, and therefore was purely interlocutory. Payton v. Payton, Ky., 293 S.W.2d 883. Although a separate action could have been brought by Bunk Gardner, Sr., in the first instance, to set aside the release, and such action would have presented a "claim for relief," we think the issue injected in the instant action with respect to the validity of the release, by virtue of the defendants' pleading the release as a defense, was merely collateral to the main issue of the validity of the will, and therefore did not amount to a separate claim for relief. Cf. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423. While the answer of the principal beneficiary was designated a counterclaim and prayed that the contestant be enjoined from maintaining the action, we think the answer must be treated as essentially defensive and as not asserting such a separate claim as would justify a partial judgment from which an immediate appeal could be taken. See United States Plywood Corp. v. Hudson Lumber Co., 2 Cir., 1954, 210 F.2d 462.

Even if we should accept (and we do not) the view that either the reply of the contestant or the "counterclaim" of the principal beneficiary presented a separate claim for relief, the order attempted to be appealed from would still be interlocutory, because it did not contain the recitations required by CR 54.02 as to finality and no just reason for delay.

The appeals purported to be taken from the memorandum opinion, transcript of proceedings, etc., apparently were for the purpose of attempting to establish a right of appeal under CR 54.02. These appeals lose their significance in the light of our holding that the question concerning the release did not involve a separate claim for relief within the meaning of CR 54.02. However, we may say that we do not conceive that the recitations required by the rule can be supplied extraneously, or that their absence can be remedied through the device of attempting to appeal from such things as a memorandum opinion or a transcript of proceedings.

The argument is advanced by the appellants that the circuit court had no jurisdiction in the will contest proceeding to set aside the release, which properly could be done only in a separate suit in equity; that when the court undertook to do so its action should be considered to be the same as if done in a separate suit, and therefore the order should be treated the same as a final judgment in such a separate suit. This argument is disposed of by the opinion in First National Bank of Mayfield v. Stahr, Ky., 329 S.W.2d 582.

The motion to dismiss the appeals is sustained and the appeals are dismissed.