**Elmer Lee REDDING, Appellant,**

**v.**

**INDEPENDENT CONTRACTING CO., a Corporation, Brownsville, Ky., Appellee.**

**Anna M. BETTS, Administratrix of the Estate of Allie Edwards, Deceased, Appellant,**

**v.**

**INDEPENDENT CONTRACTING CO., a Corporation, Brownsville, Ky., Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

H. B. Kinsolving III, Shelbyville, Paul D. Rehm, Versailles, ·for appellant, Anna M. Betts.

John Darnell, Squire N. Williams, Jr., Frankfort, Charles M. Blackburn, Versailles, for appellant, Elmer Lee Redding. ·

Dawson & O'Shaughnessy, Versailles, Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

MOREMEN, Judge.

Appellant, Anna M. Betts, administratrix of the estate of Allie Edwards, deceased, and appellant, Elmer Lee Redding, filed actions seeking to recover damages for death and injury alleged to have resulted from negligence of appellee, Independent Contracting Company, when it was in the course of repairing and resurfacing a part of U. S. Highway 421. The cases were tried together and resulted in a verdict and judgment for the appellee company.

On July 13, 1956, Redding met Mrs. Edwards about four o'clock in the afternoon in Frankfort. They went to a restaurant. Each of them drank a glass of beer with dinner. Afterwards they drove around Frankfort for a couple of hours. When the car which belonged to Mrs. Edwards began to function improperly, Mrs. Edwards borrowed an automobile from a neighbor. With Redding driving, they went to a tavern and each drank another beer. They again spent about two hours touring Frankfort and then drove out U. S. Highway 421 in a southerly direction toward Lexington.

Appellee contracting company was resurfacing a two mile section of the northbound lane of Highway 421 which lies immediately north of its intersection with Highway 62. The traffic was one-way along this portion of the road, but Redding and Mrs. Edwards were on the south side of the road and it was not necessary for them to detour in order to avoid the part of the road under reconstruction. The driver testified that he did not notice the refinishing project but admitted that he knew some work was being done on the road. He was not certain as to its exact location.

After Redding and Mrs. Edwards drove past this section of the road they proceeded to the Wagon Wheel Restaurant which is located in Fayette County opposite the U. S. Public Health Service Hospital, where they arrived shortly after ten o'clock. Redding testified that they had no alcoholic beverages at that place. They left the restaurant at about eleven o'clock and started home.

The accident occurred at a point just south of the intersection of Highway 421 and Highway 62 which has an amber flashing light in the center of the road. This was the place where the resurfacing of the northbound lane began and appellee had marked the construction work with sawhorses and smudge lights, and had placed a flagman with a lantern at each end of the construction work. It was the flagmen's duty to stop the traffic so that a single lane could be cleared alternately for traffic moving in each direction. The traditional red flag was passed back and forth by the members of each caravan to indicate that the road was clear.

At the time appellant Redding and his companion approached the intersection, three automobiles and a truck had been stopped. The truck was last in line and on the rear end of the truck were lights and reflectors. The lights of the other motor vehicles which were stopped were also on. Here too stood the flagman in the middle of the road with a lantern with which he had flagged down the vehicles.

About eight hundred feet south of the intersection in the direction from which Redding and Mrs. Edwards were approaching is the crest of a hill from which point the road declines to the intersection and at which point the contractor had placed a sign bearing the legend, "Road under construction—one way traffic." From the crest of the hill the road is relatively straight, and Redding had an unobstructed view for a space of about six hundred feet to the place where the vehicles had been stopped. The night was misty and wet.

Redding testified that he drove the car over the hill at about forty or forty-five miles per hour; that he saw no flares, smudge pots or other signals. He did not see the flagman or his lantern and did not apply his brakes until he saw the truck directly in front. It was then too late and the car crashed into the truck. Redding received serious injuries and his companion was killed.

■ No proof was introduced which indicated that the contractor had failed to use any method ordinarily used to warn the traveling public in cases such as the one we have here. We are of opinion that a bare statement of the facts is sufficient to disclose that appellee's motion for a directed verdict at the completion of the introduction of appellants' evidence should have been sustained.

On this appeal, appellants urge as cause for reversal: (1) The instructions were erroneous; and (2) Prejudicial evidence was admitted over their objection.

A brief for the appellants and a careful reading of the instructions have failed to disclose to us any prejudicial error. However, since we have concluded that a directed verdict should have been given for the contractor, it is not necessary to discuss or pass on their sufficiency.

■ We have often held that where a defendant is entitled to a directed verdict, errors committed in the instructions or similar matters are not prejudicial to plaintiff. West v. Whitley Lodge No. 148, 296 Ky. 671, 178 S.W.2d 203; Godfrey v. Beattyville Coal Co., 101 Ky. 339, 41 S.W. 10, 19 Ky.Law Rep. 501; Henry v. J. G. McCrory Co., 279 Ky. 248, 130 S.W. 2d 846. Cookendorfer v. Pendleton, County Farmers Fire Ins. Co., 287 Ky. 735, 155 S.W.2d 204. The same rule applies to the evidence which appellee produced concerning which appellant complains. If the motion for a directed verdict had been sustained, it would not have been necessary for appellee to produce any evidence. However, since we believe that evidence was admitted improperly, it requires some comment.

■ Two state troopers were permitted to give opinion evidence which was improper. Both of these officers arrived at the scene of the accident about half an hour after it occurred and both officers undertook to estimate from their observation of the wrecked vehicles how fast the car driven by Redding was going immediately before the impact.

Sergeant Kinman estimated that the car was traveling over fifty miles per hour immediately before the impact, and Trooper Bradley estimated that just before the collision occurred, the car was being driven at a rate of seventy miles per hour. The basis of their opinion was that they had been in police work for a good many years, but it was not shown that they had witnessed other similar accidents at which time they were familiar with all the controlling factors which caused those accidents, and particularly including the speed of the vehicles involved. We believe such evidence is clearly incompetent and valueless.

Similarly we have refused the admission of opinion evidence based on the shock of impact at a collision. E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S.W. 578.

However, as we have stated, under the circumstances of this case where a directed verdict for the contractor should have been given, the admission of such evidence was not prejudicial.

Judgment affirmed.

WILLIAMS, J., not sitting.