## Queen Insurance Company of America v. Cummins, et al.

(Decided November 5, 1926.)

### Appeal from Perry Circuit Court.

1. Insurance.—Failure to inform insurer of attachment for less than $400.00 on building insured for $3,500.00 held immaterial, especially where agent testified that he would have issued policy, had he known of attachment.

2.  Insurance.—Provision voiding policy for change in interest, title, or possession is to be construed more strongly against insurer.

3.  Insurance.—Filing of mechanic's lien is not change in interest, title, or possession of insured building voiding fire policy.

HITE H. HUFFAKER and T. E. MOORE, JR., for appellant.

B. P. WOOTTON and WOOTTON & WOOTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

This is the second appeal of this case. The opinion in the first one is reported in 206 Ky. 300, and from it the nature of the case and the questions involved may be readily obtained without setting them out herein. After the filing of the mandate in the court below a trial was had by the court without the intervention of a jury, resulting in a judgment for appellee, Cummins, for the sum of $3,500.00, the amount of the insurance on the building destroyed by fire, and to reverse that judgment appellant prosecutes this appeal.

The answer as amended contained two defenses, as will be seen from the excerpts therefrom contained in the opinion on the first appeal *supra,* and they were: (1) That the insured, appellee Cummins, concealed from appellant at the time it issued the policy sued on material facts affecting the risk, which was a mortgage for $2,000.00, and did not state his true interest in the property; and (2), that he suffered a mechanic's lien for $425.11 to be filed against the property after the insurance took effect without notifying appellant thereof, and which was in violation of certain language in the policy, thereby rendering it void from and after that time. A demurrer was sustained to the defensive pleadings, and upon the insurance company failing to plead further, judgment was rendered against it, from which it appealed, resulting in the opinion *supra,* an examination of which will show that the judgment was reversed upon the theory that "it must be taken as true that when this policy was written, there was on this property a $2,000.00 mortgage to Eversole and a $1,200.00 mortgage to the bank," but the latter lien was disclosed and its existence could not and did not affect the merits of the case, and it was so held in the former opinion.

1.  Upon the second trial it developed that what was referred to in the pleadings and the former opinion as

the "Eversole mortgage" was nothing more than the levy of an attachment to recover an amount between $200.00 and $400.00, and that it was afterwards discharged and no lien was ever adjudged. The trial court held that as compared with the value of the property the lien was immaterial, which we hold was correct, as will be seen from some of the cases cited in the former opinion. However, it was proven at the last trial by the agent who issued the policy, that had he known of that lien he would not have regarded it as material and would have issued the policy, notwithstanding the attachment. We, therefore, conclude that the court properly held defense (1) to be without merit.

2. Defense (2) was rested upon a clause in the policy saying: "If any change, other than by the death of the insured, takes place in the interest, title or possession of the subject of the insurance, except change of occupants without increase of hazard, whether by legal process or a judgment or by voluntary act of the insured, or otherwise, said policy shall be void." It was urged that the filing of the mechanic's lien for $425.11 (incurred while improving the property just immediately before the issuing of the policy but not filed until after its issual) effected a change in the interest and title of the insured in the property so as to render it void under the above inserted excerpt and that the court should have rendered judgment in favor of appellant by dismissing the pleading seeking a recovery on the policy.

We had practically the direct question before us in the recent case of Niagara Insurance Company v. Jeffrey, 215 Ky. 644, wherein we held that the levying of an attachment upon the insured property, although it created an inchoate lien, did not create any change in the *interest* or *title* of the insured where there was no change in the possession of the property, so as to work a forfeiture, under the same condition contained in that policy as is here relied on. In addition to the authorities cited in that case in substantiation of that conclusion we append the additional ones of Phoenix Insurance Company v. Lawrence, 4 Met. 9, 81 Amer. Dec. 521, and the two opinions from the superior court in the cases of Springfield Fire and Marine Insurance Co. v. Phillips, 16 K. L. R. 390, and Western Assurance Company v. Layer, 6 K. L. R. 593. The authorities referred to and others cited therein point out that such language employed by the insurer in its policy is to be construed more strongly

against it, and that the mere creation of a present lien without any change in the possession of the insured property does not affect the interest or the title of the insured so as to work a forfeiture of the policy.  The fact that in the Jeffrey and other cases referred to, the lien was obtained by the levy of an attachment, while here it was obtained by an attempted assertion of a mechanic's lien, can make no difference in the legal principle involved. That being true, the court correctly held that defense (2) was likewise without merit.

Wherefore, the judgment is affirmed.