## Springfield Fire & Marine Insurance Company v. Blevins et al.

(Decided March 28, 1930.)

(As Modified, on Denial of Rehearing, May 30, 1930.)

184

DYSARD & MILLER and WHEELER & WHEELER for appellant.

FRED HOWES for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellees owned a house and lot in Paintsville. The house was insured by appellant in the sum of $1,000

against loss by fire, in a policy issued July 12, 1927. The house burned. This suit was brought to recover on the policy.

The policy, among other things, provided that it should be void "if with the knowledge of the insured fcreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." The policy also provided as follows:

"The entire policy shall be void if the assured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter, relating to this insurance or the subject thereof, whether before or after a loss."

The defendant by its answer set up up these provisions of the policy and alleged certain facts as showing that thereunder the policy was void. The allegations of the answer were denied. The proof on the trial showed these facts:

The property was conveyed to appellees by Jay Daniel on July 24, 1925. At that time Daniel held a policy insuring the house, which he assigned to appellees. On the same day appellees bought the property they gave a mortgage on it to Talla Roberts to secure a debt of $400, and they had the agent of the insurance company, H. B. Rice & Co., to enter a provision on the policy that the loss, if any, was payable to the mortgagee Mrs. Talla Roberts. This policy was issued by the Niagara Fire Insurance Company by the same agents who represented the Springfield Fire Insurance Company; the former policies ran out; they later issued to appellees the policy sued on. Nothing was said at the time about there being a mortgage on the property. No questions were asked about it, and Blevens seems to have assumed that they knew all about the mortgage, as the loss had been payable to the mortgagee in the former policy by these agents. On September 3, 1926, Mrs. Roberts brought suit to enforce her mortgage. Judgment was entered in her favor on December 9, 1927. The sale was made February 6, 1928. C. W. Wheeler bid in the property for appellees

and as their agent. He afterwards assigned his bid to them and they gave him a mortgage on other land to secure him in the sale bond which he had executed. After this sale Blevens went to Rice & Co., and they, for a consideration then paid, indorsed on the policy a vacancy permit, as he was moving out of the house on May 2, 1928, and on May 10, 1928, the house burned. In his proof of loss Blevens stated that the debt of Mrs. Roberts was paid, when in fact after this he put on record the mortgage to Wheeler to secure him on his sale bond. The sale of the property was advertised in the county paper which circulated in the community where the agents did business; they took the paper and Paul C. Hager, who had been their office man, thinks he was present at the sale. Blevens at no time told Rice & Company anything about the sale or the property being advertised for sale, but seems to have acted upon the idea that they knew all about it. The fact is that the land upon which Mrs. Roberts had a lien, without the house, was worth about twice as much as her debt.

The defendant asked the court to instruct the jury peremptorily to find for it, and this being refused asked the court to instruct the jury to find for the defendant, if when Blevens made his proof of loss he had not then paid or satisfied Wheeler for the money he had paid on the sale bonds. It also asked the court to instruct the jury that if Blevens, when he applied for the insurance policy, knew that he had been sued by Mrs. Roberts and concealed that fact from the defendant's agent, they should find for the defendant; that they should also find for the defendant if they believed from the evidence that the property was advertised for sale under the Roberts mortgage prior to February 6, 1928. The court refused these instructions. By instruction 1 the court in substance told the jury that they should find for the plaintiffs if the house had been destroyed by fire, unless they found as in instruction No. 2. By that instruction he told the jury that at the time the policy was issued there was pending in court a foreclosure proceeding to foreclose the mortgage, and that they should find for the defendant, unless they believed from the evidence that the defendant, by its agents, had notice, or by the exercise of ordinary care and diligence could have known, of the pendency of the foreclosure proceedings at the time of the issual of the policy. By instruction No. 3 he told the jury that the exe-

cution of the mortgage did not divest the plaintiffs of the legal title to the property, and that they had a year to redeem the property after February 6, 1928, and if they did so redeem it they thereby became reinvested with the title as if no foreclosure proceedings had been instituted. By instruction No. 4 he told the jury that, if they believed from the evidence that the reasonable market value of the land, excluding the improvements, was sufficient to cover the mortgage debt and all interest and costs and to protect the mortgagee against any loss or damage, then in that event they should find for the plaintiffs as set out in No. 1.

In the brief for appellant counsel sums up its case in these words: ''When the evidence was all in the defendant had but three defenses: (1) Notice of sale; (2) false proof of loss; and (3) concealment.'' These three defenses will be taken up in the reverse order stated:

1. *Concealment.* It is charged in the pleading that Blevens concealed from the defendant, at the time the policy was issued, that Mrs. Roberts had brought suit to enforce her mortgage or that the action was then in existence and being prosecuted, and because of this concealment the policy was void. No questions were asked Blevens about the suit. The only complaint is that he did not tell the agent about it of his own accord. But when no questions were asked him the defendant cannot complain that he did not volunteer information which was not asked. The omission to volunteer information was not a concealment within the meaning of the policy.

2. *False Proofs of Loss.* Blevins stated in his proofs of loss that the Roberts' debt was paid. While his statement was not technically accurate, he was not guilty of willful false swearing in so stating. The substance of the arrangement was that he owed Wheeler this money, as Wheeler had paid Mrs. Roberts. It is only where willfully false statements are made in the proofs that a recovery on the policy is denied. This statement of Blevins misled nobody, and did not prejudice the company in any respect, or in fact mislead it in any way to its prejudice. This is the only statement in the proofs of loss that it alleged to be false.

3. *Notice of Sale.* It was conceded in the pleadings that the property had been advertised for sale, that the sale was made on February 6, and that this was well known to the plaintiffs. By the terms of the policy it

would be void if with the knowledge of the insured "foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." At common law a mortgage or trust deed could be foreclosed by a sale of the property on notice given as provided therein. The common law on the subject is still in force in many of the states, but such foreclosure is forbidden by statute in this state and such liens may be enforced here only by an action in equity. Civil Code Practice, secs. 375, 376. Such an action is a foreclosure proceeding within the provision of the policy. Insurance Co. v. Cheatham, 221 Ky. 668, 299 S. W. 545. But as the action here had been brought before the policy was issued and the provision only applies to the future, it has no application to this action. Orient Insurance Co. v. Burrus, 63 S. W. 453, 23 Ky. Law Rep. 656.

Upon careful consideration by the whole court, it is concluded that the remainder of the provisions as to "notice given of sale," etc., is equally inapplicable. In some states liens are foreclosed as at common law. In others the sale of the property can only be made under the judgment of the court. The natural meaning of the words used is that they were intended to apply respectively to either proceeding. The last clause does not stop with the words "or notice given of sale of any property covered by the policy" but these words are added "by virtue of any mortgage or trust deed." The sale of property on notice given by virtue of any mortgage or trust deed is only had where the common-law proceeding is followed and this is begun by giving the notice. When property is sold under an order of court, the sale is by virtue of the judgment of the court, not "by virtue of any mortgage or trust deed." The clear purpose of the clause was to include only foreclosure proceedings by action in equity or as at common law on notice given. The language cannot be extended beyond the fair meaning of the words used.

Instruction 2 was erroneous in using the words "or by the exercise of ordinary care and diligence could have known," as no estoppel upon the insurance company was created by its failure to exercise care to learn the facts. But this instruction was not prejudicial to the defendant, for, as shown above, this matter should not have been

submitted to the jury at all, as it was an existing fact when the policy was issued.

Instruction 4 should not have been given, but it was not prejudicial to the defendant under the proof in the case, for under the undisputed facts, for the reasons above given, the court should have told the jury to find for the plaintiff.

Judgments affirmed. Whole court sitting.