## Farmers & Depositors Bank v. Commonwealth Ins. Co. Of New York.

February 3, 1950.

Roscoe Conkling, Judge.

152

Wilbur Fields for appellant.

Percy Brown, Jr., and Ogden, Galphin & Abell for appellee.

STANLEY, COMMISSIONER—Affirming.

This is an action by a mortgagee named as payee "as its interest may appear" in a policy insuring the owner of a motor truck, Fred Inman, against loss by its destruction in a collision. A demurrer to the petition was sustained, and the plaintiff, Farmers and Depositors Bank, appeals.

The petition sets forth the issuance of the policy to Inman, states that the plaintiff held a mortgage on the truck at the time to secure a note for $1,650.90, which fact was known to the defendant company, and it had issued the policy filed as a part of the petition. It further states that while the insurance was in force, Fred Inman had transferred the motor truck to Ernest Inman, at which time he had executed his note to the plaintiff for $1,486.39 and a mortgage on the truck to secure same, and the bank had released Fred Inman from liability on his note; but the seller and buyer of the truck had failed to obtain a change in the beneficial provision of the policy, and alleges it remained in full force and effect with the plaintiff and Fred Inman as beneficiaries. It states that after the transfer, the car had been totally destroyed in a collision, within the insurance coverage, and a balance of $1,362.39 was owing to the bank, which sum was less than the value of the truck. Notice, demand and refusal to pay were alleged, and judgment asked against the insurance company.

The policy named Fred Inman as the "insured."

It provided, "Any loss hereunder is payable as interest may appear to the insured and Farmers and Depositors Bank, 3832 Frankfort Avenue, St. Matthews, Jefferson County, Kentucky."

One of the conditions of the policy was, "Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon." It is to be noted the petition does not allege either an assignment or consent.

As is well known, policies of property insurance generally fall into two classes. One contains what is known as the union or standard mortgage clause, which is ordinarily held to operate as an independent contract between the insurer and the mortgagee. The other contains a simple loss-payable or open mortgage clause, in which the loss is recited as being payable to the mortgagee "as his interest may appear." The present policy is of this class. The contract was expressly made between the company as insurer and Fred Inman as the insured. The provision designating the bank as "loss payee" did not bring it and the company into contractual relations with each other. The bank was simply a conditional appointee of the insured owner of the property to receive the proceeds according to its lien upon the property. Its right was collateral to the right of the owner to recover and it could be no greater than his. A breach of any condition of the contract by the insured owner that would prevent recovery by him precludes recovery from the insurance company by the mortgagee as his mere appointee to receive the money to the extent of its interest in the mortgaged property. McKinney v. Western Assur. Co., 97 Ky. 474, 30 S. W. 1004, 17 Ky. Law Rep. 325; Hendrix v. National Union Fire Insurance Co., 205 Ky. 283, 265 S. W. 795; Royal Insurance Co. v. Ward, 252 Ky. 687, 68 S. W. 2d 9; Rhode Island Insurance Co., v. Wurtman, 265 Ky. 835, 98 S. W. 2d 29.

We may accept the argument of the appellant that the provision with respect to an assignment of interest under the policy is inapplicable and also concur in the abhorrence of forfeitures. There was no attempt to assign any interest under this policy. The absence of consent to an assignment simply shows the insurance company did not assume any liability to the new owner

154

of the vehicle. But the person named as the insured ceased to be the owner and to have any interest in the truck covered by the contract. The bank's rights were under and subject to the insurance contract and limited to the company's obligation to pay as determined by its terms. As a stranger to the contract and only as appointee of the owner insured against loss, the bank could acquire no title or right of subrogation when all the title and insurable interest of the named owner terminated. Policies of insurance usually contain a provision that the alienation of title or change in the owner's interest shall terminate the insurance. The McKinney and Hendrix cases cited, and others of this Court, give effect to such provisions as likewise terminating any obligation to the mortgagee or payee "as its interest may appear." Quite peculiarly, the present policy contains no such express conditions. But it does contain a statement that the policy applies only while the automobile "is owned, maintained and used for the purposes stated as applicable hereto." All the insured's title and insurable interest had ceased, and we think the right of the bank as appointee likewise terminated. There is no hint of waiver or estoppel. If the insured owner had no interest in the truck, he sustained no loss. If he could not recover, then it must follow that his appointee or assignee of the proceeds could not either. 4 Appleman on Insurance Law and Practice, sec. 2121, 6 Appleman on Insurance Law and Practice, sec. 4161; 44 C. J. S., Insurance, secs. 177, 196; 29 Am. Jur., Insurance, sec. 629.

The judgment is affirmed.