# GRANGE MUTUAL CASUALTY COMPANY, Appellant,

v.

CENTRAL TRUST COMPANY, N.A. (THE); Golden China, Inc.; Au Yong-Chan Enterprises, Inc.; Clarence Chan, Elizabeth Chan, and Yuet Ngan Wong, Appellees. (Two Cases)

Nos. 88-CA-1199-MR, 88-CA-1228-MR.

Court of Appeals of Kentucky.

Aug. 11, 1989.

Richard P. Schiller, Mark A. Osbourn, Schiller & Osbourn, Louisville, for appellant.

Michael T. Sutton, Covington, Richard M. Goehler, Cincinnati, Ohio, David A. Koenig, Florence, Gerald R. Toner, Louisville, for appellees.

Before DYCHE, REYNOLDS and WEST, JJ.

REYNOLDS, Judge.

This is an appeal from a partial summary judgment of Kenton Circuit Court.

The appellant, Grange Mutual Casualty Company, had issued an insurance policy (a special multi-peril policy) to its insured, Golden China Restaurant, Inc. (appellee). The policy insured against all direct loss to the covered property caused by fire, etc. The policy of insurance contained a standard mortgage clause in favor of a named mortgagee whose interest was acquired by the Central Trust Company, N.A. (appellee). Its interest is further evidenced by reason of its ownership of notes, secured by mortgages, upon the Gold China Restaurant, Inc. building.

On June 29, 1986, fire damaged the restaurant and subsequently on August 8, 1986, the appellee bank served its claim and proof of loss upon the insurance company, as provided under the terms of the insurance contract. The insurance company, after investigation, denied the restaurant owners' claim for fire insurance proceeds on the basis that the fire was incendiary and had been caused by one of the principals of the corporate owner. By the time the insurance company had completed its investigation, the restaurant building had been rebuilt to a condition as existed prior to the fire occurrence. The bank was not advised that the insurance company would deny its loss payable claim until December 30, 1986.

The Golden China Restaurant, Inc. and the corporation owning the restaurant premises instituted this action against Grange Mutual Casualty Company and Central Trust Company, N.A. and an additional bank seeking to recover damages upon the contract of insurance. The banks were made parties by virtue of their interest in the policy proceeds. Appellee, Cen-

tral Trust Company, N.A., by cross-claim, asserted its right to recovery of the insurance proceeds by virtue of the standard mortgage clause contained in the insurance contract. The trial court granted partial summary judgment to the bank and this appeal follows.

Appellant maintains that the question for determination is whether the restoration of the fire damaged property to its original condition precludes the mortgagee from recovering under the insurance policy.

The insurance company states that the insurance policy was a contract of personal indemnity and not one from which profit was to be realized, and that ordinarily the contract is one of indemnity and that an insured may recover to the extent of loss occasioned but no more. However, under the facts of this case, we decline to permit the doctrine of indemnity to obtrude itself inconveniently.

We determine that the mortgage clause of the Grange policy of insurance herein was one that is known as a union or standard mortgage clause. *See Farmers and Depositors Bank v. Commonwealth Insurance Company of New York*, 312 Ky. 151, 226 S.W.2d 773 (1950). Such clause is ordinarily held to operate as an independent contract between the insurer and the mortgagee and the clause in the subject policy provides:

19. Mortgage Clause—Applicable Only to Buildings. This clause is effective if a mortgagee is named in the Declarations. The word "mortgagee" includes "trustee". Loss to buildings shall be payable to the named mortgagee as interest may appear, under all present or future mortgages on the buildings described in the Declarations in order of precedence of mortgages on them.

As it applies to the interest of any mortgagee designated in the Declarations, this insurance shall not be affected by any of the following:

(a) any act or neglect of the mortgagor or owner of the described buildings;

(b) any foreclosure or other proceedings or notice of sale relating to the property;

(c) any change in the title or ownership of the property;

(d) occupancy of the premises for purposes more hazardous than are permitted by this policy;

provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the premium.

The mortgagee shall notify the Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the mortgagee. Unless permitted by this policy, such change of ownership or occupancy or increase of hazard shall be noted on the policy and the mortgagee shall on demand pay the premium for the increased hazard for the term it existed under this policy. If such premium is not paid, this policy shall be null and void.

The Company reserves the right to cancel this policy at any time as provided by its terms. If so cancelled, this policy shall continue in force for the benefit only of the mortgagee for ten days after notice to the mortgagee of such cancellation and shall then cease. The Company shall have the right to cancel this agreement on ten days notice to the mortgagee.

In support of appellant's argument it states that the mortgagee cannot claim insurance proceeds since it has suffered no actual loss or impairment to its security. We determine, from the loss payable clause and the conditions of the insurance contract that such terms refer, not to an interest in the property insured, but to the payment of the loss, and not mortgagee's interest in the property, but the interest which the mortgagee has in the indebtedness.

It is well recognized that a standard clause operates as a distinctive and separate contract between the insurer and the mortgagee. *Couch on Insurance*, 2d (Rev. ed.) § 42:681. *See also Royal Insurance Company v. Ward*, 252 Ky. 687, 68 S.W.2d

9 (1934). A standard mortgage clause specifically provides, as in this case, that the insurance protecting the interest of the mortgagee is not invalidated by any act or negligence of the mortgagor. Such analysis leads to the conclusion that the mortgagee is a party to the policy and is, to the extent of its interest and to the extent of the insuring provisions, as much the insured as is the owner.

Under the express terms of the standard mortgage clause, the mortgagee is not affected by the acts or neglects of the mortgagor although the policy may be invalidated as to the latter by the latter's acts. In essence, the mortgagee does not stand or fall with the mortgagor and acquires rights which give it independent and distinct protection. The purpose of the mortgage clause is to protect the mortgagee's interest. *Couch on Insurance*, 2d (Red. ed.) § 42:684.

■ We have determined that the standard clause of the Grange insurance policy makes the loss payee (bank) an insured. The right of the mortgagee under a standard mortgage clause is not dependent upon his sustaining loss. That is, the mortgagee under such a clause acquires a right to the insurance proceeds even though he suffers no actual loss, as when the building was restored to its former condition by the mortgagor. *Couch on Insurance*, 2d (Red. ed.) § 42:730. The bank had an insurable interest in the property and the insurance company agreed to insure it against a loss by fire, and a loss occurred. The contingency contemplated by the contract has, therefore, arisen (on the date of the fire loss) and the company is bound to pay the amount of the damage. We determine that it is wholly immaterial and constitutes no valid defense that the property has since been repaired. Rightfully so when the mortgagee had neither agreed, acquiesced, or ratified such repair. The time of the fire and of the loss established the rights of the parties and the amount of the loss payable to the mortgagee became fixed as of that time.

The case of *Savarese v. Ohio Farmers' Ins. Co.*, 260 N.Y. 45, 182 N.E. 665 (1932),

reasons that the right to recover in case of fire is not dependent upon the sufficiency or insufficiency of the mortgage security after the fire. The restoration of the property by the mortgagor (owner/insured) affects the equities between the mortgagor and the mortgagee, but does not affect the terms of the contract between the mortgagee and the insurer. The contingency (the fire loss) having arrived, upon which the loss was payable, must be paid according to the status of the interest at the time when the contingency happened. Authoritative sources, which include Couch and Appleman, unequivocally state this principle. *See Walter v. Marine Office of America*, 537 F.2d 89 (5th Cir.1976). The rights of the mortgagee to the proceeds of the insurance are determined and fixed as of the time of loss. *First Guaranty Corp. v. Continental Western Ins. Co.*, 361 N.W.2d 137 (Minn.App.1985); *Couch on Insurance*, 2d (Rev. ed.) § 29:76.

Appellant states that public policy dictates that Grange should not pay the standard mortgage clause since the owner/insured/mortgagor would benefit by such payment as the insurance money would reduce the amount of the mortgage debt.

■ The appellant's argument mingles the term "sound public policy" with the term "a perpetrator of a fraudulent act should not be rewarded." We hold that the issuance of a standard mortgage clause directing payment to a mortgagee regardless of the act of the named insured is not of itself violative of public policy. Such a form of insurance is designed (promulgated by the insurance industry) to protect the interest of a mortgagee against the forfeiture of the insurance by acts of the mortgagor. *See Couch on Insurance*, 2d (Rev. ed.) § 42:717 and § 74:677. The standard clause in appellant's policy specifically provides as follows:

> When a Company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, the Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the mortgagee to

whom such payment shall have been made, under the mortgage debt. In lieu of taking such subrogation, the Company may, at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage, with interest accrued and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities. However, no subrogation shall impair the right of the mortgagee to recover the full amount of said mortgagee's claim.

Appellant's argument that "a perpetrator of a fraudulent act should not be rewarded" is obviated in this case by the terms of its own policy. The appellant may take refuge from its "loss" under the terms of its own policy and diminish its insured's gain.

The judgment and order of Kenton Circuit Court is affirmed.

All concur.