Todd **ANDERSON**, Appellant,

v.

The **KENTUCKY GROWERS INSURANCE COMPANY, INC.**, United Community Bank and Manufacturers and Traders Trust Company, Appellees.

No. 2002–CA–000737–MR.

Court of Appeals of Kentucky.

April 25, 2003.

---

James I. Howard, Horse Cave, KY, for appellant.

Don A. Pisacano, Lexington, KY, for appellee, Kentucky Growers Insurance.

Before BUCKINGHAM, GUIDUGLI and McANULTY, Judges.

## OPINION

BUCKINGHAM, Judge.

Todd Anderson appeals from a summary judgment of the Cumberland Circuit Court in favor of The Kentucky Growers Insurance Company, Inc. The issue is whether there was coverage under Anderson's policy with Kentucky Growers for damage to his residence due to a fire. We affirm in part, reverse in part, and remand.

Anderson was the owner of a house and lot in Burkesville, Kentucky. There were two mortgages on the property. The first mortgage was held by Manufacturers and Traders Trust Company,[1] and the second mortgage was held by United Community Bank.

Anderson became delinquent on his payment to both mortgagees. United Community Bank filed a foreclosure action in the Cumberland Circuit Court on February 13, 2001. Manufacturers and Traders Trust Company filed a foreclosure action in the Cumberland Circuit Court on March 22, 2001. As required by both mortgagees, Anderson had obtained fire and casualty insurance on his property with Kentucky Growers. Both mortgagees were listed on the declarations page of the policy. Anderson's house was destroyed by fire on April 21, 2001.

1. Conti Mortgage Corp., a named mortgagee under the Kentucky Growers policy, assigned its interests to Manufacturers and Traders Trust Company on February 5, 2001.

Kentucky Growers denied coverage to both Anderson and the mortgagees based on its interpretation that the policy was void upon the filing of the foreclosure action. Provision 4 of the "PROVISIONS" portion of the policy stated in part that the policy shall be void "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed." Provision 17 of the "PROVISIONS" portion of the policy stated in part that "[i]f a mortgagee is named on the Declarations, a loss payable under Section I will be paid to the mortgagee and the insured, as interests appear." That paragraph also provided in part that "[i]f this Company denies a claim to the insured, that denial does not apply to a valid claim of the mortgagee, if the mortgagee has: (a) notified this Company of change of ownership, occupancy or substantial change in risk of which the mortgagee became aware. . . ."

As a result of Kentucky Growers' denial of coverage, United Community Bank filed an amended complaint under which it raised a direct claim against Kentucky Growers. Kentucky Growers then filed a motion to dismiss United Community Bank's amended complaint. While that motion was pending, Anderson filed third-party complaints against Kentucky Growers. By agreement of the parties, the court treated Kentucky Growers' motion to dismiss as a motion for summary judgment as to all claims raised against Kentucky Growers.

The circuit court awarded summary judgment to Kentucky Growers on March 6, 2002. First, citing early Kentucky cases, the court held that the provision in the policy declaring it to be void upon the

filing of the foreclosure suit was a valid policy provision as to Anderson. Second, the court held that the mortgage clause in the policy was an "open mortgage clause" and not a "standard mortgage clause." The court reasoned that under the "open mortgage clause," the rights of the lending institutions were no greater than the rights of Anderson. Thus, the court held that the lending institutions had no rights to recover under the policy since Anderson himself could not. This appeal by Anderson followed.[2]

■ Anderson argues that the circuit court erred in awarding summary judgment because both he and the lending institutions had a right to recover under the policy. His claims as they relate to the lending institutions are derivative claims. Prior to addressing Anderson's arguments, we note that "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996). Our review is *de novo* as fact findings are not at issue. *Id.* With that in mind, we will first address Anderson's claim of an individual right to recover.

Anderson argues that the provision declaring the policy void without notice is itself void and unenforceable in violation of public policy, particularly as set out in KRS[3] 304.20–300 to KRS 304.20–350. Those statutes regulate declinations, cancellations, and nonrenewals of certain insurance policies.

Kentucky Growers responds that Anderson has overlooked the fact that the

---

**2.** Neither United Community Bank nor Manufacturers and Traders Trust Company appealed.

**3.** Kentucky Revised Statutes.

policy provision in question does not involve a cancellation of the policy but involves the policy itself becoming void. It thus asserts that KRS 304.20–300 to KRS 304.20–350 are not applicable. Anderson acknowledges the difference in the terminology but asserts that a provision voiding the policy without notice is unenforceable as against public policy. We agree with Kentucky Growers and the trial court that the policy is void as to Anderson. In *Hartford Fire Ins. Co. v. Bryan*, 244 Ky. 61, 50 S.W.2d 74 (1932), and *Rhode Island Ins. Co. v. Wurtman*, 265 Ky. 835, 98 S.W.2d 29 (1936), policy provisions declaring a policy void if a foreclosure action is filed were held to be generally valid and enforceable as against the insured.

■ The second question to be addressed is Anderson's derivative claim that he should be allowed to recover under the policy to the extent he is liable to his mortgagees and to the extent they could recover under the policy. Kentucky Growers argues that Anderson lacks standing to raise this argument because of the "law of the case" doctrine. It maintains that because the circuit court dismissed the claims of the mortgagees and because such dismissal was not appealed, then "Anderson cannot relitigate any issues standing in the shoes of the mortgagees."

The "law-of-the-case" doctrine was stated in *Inman v. Inman*, Ky., 648 S.W.2d 847, 849 (1982), as "a rule under which an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court and applies to the determination of questions of law and not questions of fact." *See also Hardaway Management Co. v. Southerland*, Ky., 977 S.W.2d 910, 915 (1998). The "law of the case" doctrine is not applicable here. Anderson's claims were derivative claims which were separate from the claims of the lending institutions. Anderson cites *Coo-*

*per v. Kentuckian Citizen*, Ky., 258 S.W.2d 695 (1953), for the proposition that he has a right of appeal because his interest "is direct, pecuniary and substantial." *Id.* at 696. We agree.

Having determined that Anderson has the right to appeal, we turn now to his argument that the lending institutions had a right of recovery under the policy separate and apart from his right. Kentucky Growers argues and the trial court found that the policy contained an "open mortgage clause" which limited the lending institutions' rights to those of Anderson. It based this conclusion primarily on the fact that the provision indicated that "[i]f a mortgagee is named on the Declarations, a loss payable under Section I will be paid to the mortgagee and the insured, as interests appear."

■ An "open mortgage clause" "simply provides that the policy shall be payable to the mortgagee as his interest may appear, and his rights will be defeated by a breach of the conditions of the policy by the mortgagor, since he is merely an appointee to receive the proceeds in case of loss." *Rhode Island Ins. Co.*, 265 Ky. at 838, 98 S.W.2d at 31. On the other hand, a "standard mortgage clause" "provides, in substance, that in case of loss the policy is payable to the mortgagee, and that his interest as payee shall not be invalidated or affected by an act of the mortgagor." *Id. See also Grange Mut. Cas. Co. v. Central Trust*, Ky.App., 774 S.W.2d 838, 839 (1989). To determine if the trial court's reliance on the "as interests appear" language was justified, the language must be read in context with the remainder of provision 17.

■ Contrary to the arguments of Kentucky Growers and the conclusion of the trial court, the policy here contains a "standard mortgage clause." Provision 17

of the policy, when read in its entirety, clearly provides that a mortgagee may have a valid claim even where a claim of the insured was denied. Thus, the effect of provision 17 is to create a standard mortgage clause. Further, "[s]uch analysis leads to the conclusion that the mortgagee is a party to the policy and is, to the extent of its interest and to the extent of the insuring provisions, as much the insured as is the owner." *Grange Mut.*, 774 S.W.2d at 840.

■ Next, we must determine whether the lending institutions could have recovered under the policy. As we have noted, provision 17 of the policy provided in part that the denial of the insured's claim does not apply to the mortgagee's claim, if the mortgagee has "notified this Company of change of ownership, occupancy, or *substantial change in risk* of which the mortgagee became aware." [Emphasis added.] Kentucky Growers maintains that the filing of the foreclosure constituted a "substantial change in risk of which the mortgagee became aware" and that the lending institutions had no right of recovery because they failed to notify Kentucky Growers of the foreclosure proceedings. In this regard, Kentucky Growers accurately notes that "there is only *one* issue before the Court that needs to be interpreted: Are foreclosure proceedings a 'substantial change in risk?' "

Kentucky Growers cites authority to support its argument that foreclosure proceedings constitute a "substantial change in risk." We do not quarrel with the holding in these authorities. However, none of the authorities state unequivocally as a matter of law that foreclosure proceedings constitute a *substantial* change in risk.

The Kentucky Supreme Court stated in *St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward*, Ky., 870 S.W.2d 223 (1994), "[a]ny limitation on coverage or an exclusion in a policy must be clearly stated in order to apprise the insured of such limitations. Stated otherwise, not only is the exclusion to be carefully expressed, but, as in this case, the operative terms clearly defined." *Id.* at 227. In *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney*, Ky., 831 S.W.2d 164 (1992), the Kentucky Supreme Court stated that "two cardinal principles apply" in the interpretation of insurance contracts by Kentucky courts. Those principles are: "(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective." *Id.* at 166, *quoting Grimes v. Nationwide Mut. Ins. Co.*, Ky.App., 705 S.W.2d 926, 931 (1985).

Had Kentucky Growers desired to make a mortgagee's recovery under the policy contingent upon notifying it of the filing of foreclosure proceedings, it could have done so by explicit language. However, it did not. Rather, Kentucky Growers made the viability of a mortgagee's claim contingent upon notification to Kentucky Growers of a "*substantial* change of risk." (Emphasis added.) While we agree that the filing of foreclosure proceedings constitutes a "change of risk," we do not agree that such a change is necessarily "substantial." Therefore, because all doubts as to coverage are to be resolved in favor of the insureds and operative terms are to be clearly defined, we hold that the policy did not clearly and unambiguously require the mortgagees to give notice of the filing of foreclosure proceedings in order to preserve any later claim under the policy.

We affirm the judgment as to Anderson's claim as it relates to his individual right to recover, but we reverse and remand as to Anderson's derivative claims. Anderson may recover to the extent that

he has liability to the mortgagees and to the extent that the mortgagees could recover under the policy.

ALL CONCUR.