ENTERED DEC 0 5 2014

(                 (

STATE OF MAINE
CUMBERLAND, ss

NORTHERN SECURITY
INSURANCE COMPANY, INC.,
    Plaintiff,

    v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
    Defendant.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-167
JAW-CUM-11-26-14

ORDER ON MOTION
FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 24 2014

RECEIVED

Before the court is the defendant Federal National Mortgage Association ("Fannie Mae")'s motion for summary judgment and Northern Security Insurance Company, Inc. ("Northern")'s cross-motion for summary judgment.

## BACKGROUND

In 1987, Donato Corsetti purchased property at 447 Gray Road[1] in Windham, Maine that was secured by a mortgage in favor of Option One Mortgage Company ("OOMC"). (Def.'s Supp. S.M.F. ¶ 1.) In June 2006, OOMC assigned the mortgage to Green Tree Servicing, LLC ("Green Tree"). (Def.'s Supp. S.M.F. ¶ 2.) Defendant Fannie Mae acquired an interest in the property in September 2006. (Def.'s Supp. S.M.F. ¶ 3.) In May 2012, Corsetti purchased an insurance policy to cover the property from plaintiff Northern Security Insurance Company, Inc. ("Northern"). (Def.'s Supp. S.M.F. ¶ 4.) The insurance policy named OOMC as the mortgagee. (Def.'s Supp. S.M.F. ¶ 5.) The policy covers the mortgageholder and its successors and assigns to the extent of their interest,

---

1 Defendant's statement of material facts state that the property is located at 449 Gray Road. The mortgage and foreclosure judgment, however, state that the address is 447.

provided the terms of the policy have been fulfilled. (Def.'s Supp. S.M.F. ¶ 8, as qualified.)

In 2011, Green Tree commenced foreclosure proceedings against Corsetti in the Superior Court. (Pl.'s Add. S.M.F. ¶ 17.) Following a bench trial on June 18, 2012, Green Tree was granted judgment on July 16, 2012. (Pl.'s Add. S.M.F. ¶ 18.) The redemption period expired on October 14, 2012. (Pl.'s Add. S.M.F. ¶ 19.) Green Tree purchased the property on behalf of Fannie Mae at a public sale on November 29, 2012. (Pl.'s Add. S.M.F. ¶ 20.) Northern was not notified of the foreclosure proceedings, the judgment, or the eventual sale to Green Tree. (Pl.'s Add. S.M.F. ¶ 23.) Green Tree recorded the foreclosure deed granting title to Fannie Mae on December 12, 2012. (Def.'s Supp. S.M.F. ¶ 12.)

On December 7, 2012, a fire caused extensive damage to the property, which Fannie Mae values at approximately \$230,000.[2] (Def.'s Supp. S.M.F. ¶ 11; Def.'s Supp. S.M.F. ¶ 13.) Northern denied coverage under the policy on the grounds that it was not notified about the change in ownership from Corsetti to Green Tree. (Def.'s Supp. S.M.F. ¶ 14.) After denying coverage, Northern filed this declaratory judgment action. Fannie Mae counterclaimed seeking judgment that Northern must cover the fire loss under the Corsetti policy.

DISCUSSION

1. Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52

---

2 Northern challenges the evidence of damages. (Pl.'s Opp. S.M.F. ¶ 13.)

2

(quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." *Id.* "Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646.

## 2. Policy Coverage

Northern argues that it has no obligation to pay for the fire loss to Fannie Mae because it was not notified of the foreclosure proceedings and the change in ownership of the property as required by the policy. Northern further argues that the change in ownership from Corestti to Green Tree amounted to a "substantial change in risk" requiring notice to Northern. Fannie Mae argues that the language of the policy and supporting case law demonstrate that the mortgagee is covered notwithstanding foreclosure. According to Fannie Mae, because its interest in the property only increased upon foreclosure, it was not required to give notice of a change in ownership. The parties agree that this case presents a question of law that can be decided on summary judgment.

3

The parties focus their attention on *Hartford Fire Insurance Company v. Merrimack Mutual Fire Insurance Co.*, 457 A.2d 410 (Me. 1983). In that case, Merrimack issued an insurance policy to the owners of a barn that included, "a standard mortgage clause providing for payment upon fire loss" to the mortgagee bank. *Hartford*, 457 A.2d at 411. The bank eventually foreclosed on the barn and put the property up for sale. *Id.* After the foreclosure, the property remained vacant until a fire destroyed the barn. *Id.* The court noted that Merrimack challenged recovery on three bases: "(1) The bank's increase in interest from mortgagee to owner; (2) the Bank's failure to notify Merrimack of the vacancy; and (3) the Bank's failure to notify Merrimack of the foreclosure." *Id.* at 415.

The court rejected all three of Merrimack's arguments. On the first issue, the bank's increase in interest, the court found: "That the mortgagee no longer has the status of mortgagee because it has foreclosed on the mortgage does not alone bar it from recovery." *Id.* at 412. The majority of the court's opinion discusses the second issue: the bank's failure to notify Merrimack of the vacancy. On that issue, the court first determined that the policy permitted unlimited vacancy. *Id.* at 413-14. The court then concluded that because the vacancy was not a breach of the policy, notice of the vacancy was not required. *Id.* at 414. Finally, on the issue of notice of the foreclosure, the court quoted the following from a leading treatise on insurance law:

> A provision that the mortgagee shall give notice of any change of ownership known to him ordinarily applies only to transfers by the mortgagor to third persons. Accordingly, the mortgagee under an independent mortgage clause requiring him to notify the insurer 'of any change of ownership' is not required to give notice of the purchase of the insured property by himself at foreclosure during the period of redemption. This conclusion is based upon the theory

4

that the conveyance or transfer contemplated by the policy is one to a person, who, by the terms of the policy, is not himself already insured thereby.

*Id.* at 415-16 (quoting 10A Couch on Insurance § 42:764 (M. Rhodes rev. 2d ed. 1982)).

Northern argues that this case is distinguishable because the policy language is different than the policy at issue in *Hartford*. In *Hartford*, the policy provided:

> Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property *nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title of ownership of the property, nor by the occupation of the premises for purposes more hazardous than permitted by this policy;* provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee (or trustee) shall, on demand pay the same.

*Id.* at 411 (emphasis added). The policy also required notice to the insurance company:

> Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

*Id.* at 412.

In this case, the relevant policy language reads:[3]

---

[3] It appears that the page containing this language was inadvertently omitted from the summary judgment record. The court found this page as an attachment to a previous motion. The parties do not object to the court considering the full policy for this order.

5

### 2. Mortgageholders

**a.** The term "mortgageholder" includes trustee

**b.** We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

**c.** The mortgageholder has the right to receive loss payment *even if the mortgageholder has started foreclosure or similar action on the building or structure*

**d.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the mortgageholder will still have the right to receive loss payment *if the mortgageholder*:

   **(1)** Pays any premium due under this policy at our request if you have failed to do so;

   **(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

   **(3)** *Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgageholder*

(Def.'s Supp. S.M.F. ¶ 7 (emphasis added).) The major difference between Hartford and this case is that the policy in this case states that the mortgagee has the right to payment even if it has "started" foreclosure or similar proceedings whereas the policy in *Hartford* stated that the policy would not be invalidated "by any foreclosure proceedings or notice of sale relating to the property." Northern claims the differences in this language are critical and compel a result contrary to *Hartford*.

The *Hartford* court made clear that a provision requiring notice of any change in ownership did not apply to a mortgagee that purchased the property. *Hartford*, 457 A.2d at 415. Although some courts do not extend this rule past the period of redemption, *see Consolidated Mortgage Corp. v. American Security*

6

*Insurance Co.*, 244 N.W.2d 434, 438 (Mich. Ct. App. 1976),[4] the majority of jurisdictions appear to apply it regardless of the period of redemption. *See Citizens Mortgage Corp. v. Mich. Basic Prop. Ins. Ass'n*, 314 N.W.2d 635, 637 (Mich. Ct. App. 1981); *495 Corp. v. N.J. Ins. Underwriting Ass'n*, 430 A.2d 203, 208 (N.J. 1981). In *Hartford*, the redemption period had expired. *Hartford*, 457 A.2d at 412. Therefore, Northern cannot rely on the "change in ownership" clause in its policy in this case.

Northern relies on *Ideal Financial Services, Inc. v. Zichelle*, 750 N.E.2d 508 (Mass. App. Ct. 2001). In that case, the Massachusetts Court of Appeals concluded that a mortgagee ceased to be a mortgagee under the policy when it acquired ownership of the property pursuant to a foreclosure sale. *Id.* at 521 Accordingly, the former mortgagee was not covered under the policy, which only extended coverage to mortgagees. *Id.* at 517. The court did not reach the relevant issue in this case: notice. *Id.* at 520 n.12. As discussed above, the *Hartford* court rejected the idea that the "increase in interest" of a mortgagee alone bars recovery. *Hartford*, 457 A.2d at 412 ("That the mortgagee no longer has the status of mortgagee because it has foreclosed on the mortgage does not alone bar it from recovery.").

Nevertheless, Northern may prevail if a foreclosure and purchase of the property at foreclosure sale constitute a substantial change in risk. In *Hartford*, the court found that Merrimack was obligated to provide coverage after foreclosure in the event of vacancy because the policy "grant[ed] unqualified permission for unlimited vacancy and waive[d] the policy condition suspending

---

4 The *Hartford* court noted the existence of the *Consolidated Mortgage Corp.* decision as contrary authority.

7

the insurance while the hazard [was] increased." *Hartford*, 457 A.2d at 414. There is not a similar provision in Northern's policy. Thus, if Northern can demonstrate that Fannie Mae was aware of a substantial change in risk and failed to notify Northern, Northern would not be liable in the absence of a policy term waiving notice of that risk.

The issue before this court then is whether a foreclosure or purchase of the property by the mortgagee at a foreclosure sale constitutes a substantial increase in risk that would require notice under Northern's policy. Courts that have addressed this question have found that acquisition of the property by the mortgageholder does not automatically increase the risk to the insurer. *495 Corp.*, 430 A.2d at 280 ("[A]cquisition by the mortgagee in itself does not increase the risks for the insurer in any way that the parties did not originally contemplate."); *Shores v. Rabon*, 112 S.E.2d 556, 561 (N.C. 1960) ("[It is inconceivable that vesting of title in the wife increased the hazard."); *see also U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 390 (Tenn. 2009) ("We do not agree that by its plain meaning the phrase 'increase in hazard' includes the commencement of foreclosure proceedings . . . ."); *Anderson v. Ky. Growers Ins. Co., Inc.*, 105 S.W.3d 462, 466 (Ky. Ct. App. 2003). The court will follow the weight of authority, which holds that a foreclosure by the mortgagee is not an automatic increase in risk to the insurer. Because Northern has failed to raise any evidence of an increase in risk other than the foreclosure and sale itself, Northern is liable under its policy.

The court observes that Northern must be aware of the judicial interpretations of standard mortgage clauses, including the *Hartford* decision in Maine. Although the court agrees with Northern that the language is different in Northern's policy than some of the other policies interpreted by the courts,

8

Northern could have explicitly required notice of foreclosure and sale in its policy. Having failed to do so, Northern cannot rely on the minor changes to its policy language to avoid liability in this case. *See Cambridge Mut. Fire Ins. Co. v. Vallee*, 687 A.2d 956, 957 (Me. 1996) ("It is well-established that ambiguities in an insurance policy are resolved against the insurer, . . . and that a liability insurance policy must be construed to resolve all ambiguities in favor of coverage.").

3. Damages

Northern objects to Fannie Mae's statement regarding damages and the court agrees that the evidence of damages, an affidavit from Elonda Crockett, is inadmissible. From reviewing the summary judgment record, the court cannot evaluate whether Crockett is a qualified witness to testify regarding the business records, cannot determine whether Crockett is a qualified expert, and does not have the records that Crockett's estimate is based on. Accordingly, summary judgment is denied on the issue of damages.[5]

The entry is:

Defendant's motion for summary judgment is GRANTED. Plaintiff Northern Security Insurance Company, Inc. is liable for the fire damage to the property under the insurance policy. Summary judgment is denied on the issue of damages. This matter will be set for a damages hearing at the next available date.

Plaintiff's motion for summary judgment is DENIED.

Dated: November 26, 2014

Joyce A. Wheeler
Justice, Superior Court

DOCKETED
12/01/14
mcu

---

5 The court does not address Fannie Mae's unfair claims settlement practices claim because Fannie Mae's motion to amend its counterclaim was denied. (8/5/14 Order).

9

Plaintiff-James Poliquin Esq
Defendant-Patricia Lehtola Esq.(visiting
attorney) Local Counsel-Deborah Mann Esq